The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 11 |
| Northeastern Real Properties, Ltd., *et al.* | ) |
| | ) CASE NOS. 09-62467, |
| Debtors. | ) 09-62470 through 09-62474 |
| | ) (Jointly Administered) |
| | ) |
| | ) JUDGE RUSS KENDIG |
| | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

On October 19, 2010, the Sequatchie Mountain Creditors, a name adopted by a group of parties as identified in the notice of appearance filed August 5, 2009, filed a motion for relief from stay in this case. The debtors and debtors in possession filed an objection to the motion on November 12, 2009. This matter is now before the Court for decision.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

On January 28, 2009, a class action lawsuit captioned *Donald Bird, et al. v. Sequatchie Mountain, LLC, et al.* was filed in the 12th Judicial District of Tennessee as case number 7335. The Sequatchie Mountain Creditors are among the plaintiffs in this action. At the time the complaint was filed, the Sequatchie Mountain Creditors also filed notice of a lien *lis pendens* against the debtors' real property.

On June 19, 2009, the debtors filed a Chapter 11 bankruptcy petition, which stayed the class action with respect to the debtors.[1] The Sequatchie Mountain Creditors now ask the Court to lift the stay for the limited purpose of establishing the amount, validity, and priority of their *lis pendens* rights, and the debtors oppose this relief.

## LAW AND ANALYSIS

11 U.S.C. § 362(d) provides that the automatic stay can be lifted "for cause." When determining whether to allow a lawsuit to move forward in state court, bankruptcy courts have considered (1) whether prejudice to the bankruptcy estate would result; (2) whether the hardship to the plaintiff caused by the continuation of the stay outweighs the hardship to the debtor; and (3) whether the plaintiff is likely to prevail on the merits of the case. In re Bock Laundry Machine Co., 37 B.R. 564, 566 (Bankr. N.D. Oh. 1984). Other courts have considered factors such as judicial economy, prejudice to third parties, and other equitable considerations. In re Wintroub, 283 B.R. 743, 745 ( B.A.P. 8th Cir. 2002). Ultimately, the determination as to whether "cause" to lift the stay exists is within the discretion of the bankruptcy court. *Id.*

The Sequatchie Mountain Creditors argue that the stay in this case should be lifted for two reasons. First, they argue that they may lose the value of their lien if the debtors sell the real property in the course of their Chapter 11 bankruptcy. In response, the debtors argue that filing notice of a lien *lis pendens* pursuant to Tennessee Code § 20-3-101 does not create a lien.[2]

---

[1] The state court action is not stayed with regard to defendants other than the debtors. *See* Lynch v. Johns-Manville Sales Corp., 710 F.2d 1196–97 (6th Cir. 1983).

[2] Section 20-3-10 provides:

> (a) When any person, in any court of record, by declaration, petition, bill or cross bill, seeks to fix a lien lis pendens on real estate, or any interest in real estate, situated in the county of suit, in furtherance of the setting aside of a fraudulent conveyance, of subjection of property under return of nulla bona, tracing a trust fund, enforcing an equitable vendor's lien, or otherwise, that person shall file for record in the register's office of the county an abstract, certified by the clerk, containing the names of the parties to the suit, a description of the real estate affected, its ownership and a brief statement of the nature and amount of the lien sought to be fixed.

The Court agrees with the debtors. The statute recites "shall *seek* to fix a lien lis pendens." (emphasis added). Thus, the filing itself does not create a lien. Rather, the purpose of the filing is to provide constructive notice of the lawsuit to potential purchasers or encumbrancers. The Court's conclusion that section 20-3-101 is procedural in nature is supported by the fact that the statute is found in Title 20, Civil Procedure, of the Tennessee Code, as opposed to Title 25, Judgements, Title 26, Execution, or Title 66, Property. Kreis v. Shope (In re Ressler), 61 B.R. 403, 406 (Bankr. E.D. Tenn. 1986) (*citing* Davis Leonard Assoc. v. Airport-81 Nursing Care, Inc. (In re Airport-81 Nursing Care), 32 B.R. 960, 964 (Bankr. E.D. Tenn. 1983)). Because the Sequatchie Mountain Creditors do not have a valid lien, their first argument is without merit.

Second, the Sequatchie Mountain Creditors argue that allowing the state court to determine state law issues will promote judicial economy. The Court finds that this argument is also without merit. Bankruptcy courts routinely apply state laws to determine the validity, priority, and amount of secured and unsecured claims. The Sequatchie Mountain Creditors do not point out any particular aspect of Tennessee law that is too exotic for this Court to apply.

Because both of the Sequatchie Mountain Creditors' arguments are without merit, the Court finds that no cause to lift the stay exists, and the motion for relief from stay is denied.

An order will be entered simultaneously with this opinion.

#   #   #

---

(b) Until the abstract is so filed, so far as concerns the rights of bona fide purchasers and encumbrancers, for value, of the realty, or any interest in the realty, they shall not be affected.

**Service List:**

Sequatchie Mountain, LLC
2814 Edison Street, NW
Uniontown, OH 44685

Bridget Aileen Franklin
Brouse & McDowell, LPA
388 S. Main St.
#500
Akron, OH 44311

Kate M Bradley
Brouse McDowell
388 S. Main Street, Suite 500
Akron, OH 44311

Marc Merklin
Brouse McDowell, LPA
388 S. Main Street, Suite 500
Akron, OH 44311

Susan P Taylor
Brouse & McDowell
600 Superior Ave East
#1600
Cleveland, OH 44114

Marc P. Gertz
Goldman & Rosen, Ltd.
11 South Forge St.
Akron, OH 44304

Peter G. Tsarnas
Goldman & Rosen, Ltd.
11 South Forge St.
Akron, OH 44304

James R. Russell, Jr.
Goldman & Rosen, Ltd.
11 South Forge St.
Akron, OH 44304